STATE of Tennessee, Appellee,

v.

L.K. (Lucky) CARDEN, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 18, 1983.

Permission to Appeal Denied by Supreme Court May 9, 1983.

William M. Leech, Jr., Atty. Gen., Steven A. Hart, Asst. Atty. Gen., Nashville, Michael Hyder, Asst. Dist. Atty. Gen., Johnson City, for appellee.

Thomas E. Cowan, Jr., Elizabethton, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant has appealed from an order in the trial court for Washington County revoking two suspended sentences previously granted. He alleges two issues of error, (1) the revocation of his sentences was barred by the statute of limitations contained in T.C.A. § 40–2906; (2) he avers he was denied due process of law and that his Fifth Amendment right against self-incrimination was violated because the revocation proceedings were disposed of prior to final disposition of the charges on which the revocation proceedings were based.

The grand jury of Washington County returned two indictments against the defendant. In Number 12626, filed on January 10, 1977, he was charged with procuring another to commit a felony as an accessory before the fact in violation of T.C.A. § 39–107, now encoded at § 39–1–301. On November 26, 1979, in Indictment No. 13712 he was charged in separate counts with possession of a Schedule II drug for resale and simple possession of a Schedule VI drug.

On January 14, 1980 he was allowed to submit guilty pleas on all charges with the agreement on the part of the District Attorney General that the sentences would be suspended. Under Indictment No. 12626 he

was allowed to submit a guilty plea to the offense of attempted solicitation of a misdemeanor in violation of T.C.A. § 39–118 (T.C.A. § 39–1–404). This guilty plea, signed by the defendant, and approved by his counsel, read in pertinent part as follows:

"The defendant, appearing in person in this cause, and having been fully advised by the court of the crime charged against him, the punishment which could be meted out if the defendant is found. guilty and of his constitutional rights therein hereby voluntarily pleads guilty to the offense of attempted solicitation of a misdemeanor in violation of T.C.A. § 39–118, a misdemeanor, on agreement of the attorney general that a sentence of 11 mo. 29 days in the county jail, suspended on defendants good behavior, is the disposition of the case. This and Indictment # 13712 being plead together, sentences consecutive."

Under Indictment No. 13712 the plea of guilty reads:

"The defendant, appearing in person in this cause, and having been fully advised by the court of the crime charged against him, the punishment which could be meted out if the defendant is found guilty and of his constitutional rights therein hereby voluntarily pleads guilty to the offense of simple possession of controlled substances, second offense, a misdemeanor, in violation of T.C.A. § 52–1432(b)(2), on agreement of the attorney general that a sentence of 1–2 years in the county jail, suspended on defendants good behavior, and a fine of $1,000.00, is the disposition of this case, sentence consecutive with # 12626."

In Case No. 12626 the court minutes show that defendant was sentenced to serve eleven months and twenty-nine days on a guilty plea, consecutive with Case No. 13712, with all suspended on good behavior and payment of costs. The minutes of Case No. 13712 show the judgment to be on a guilty plea for second offense of simple possession of a controlled substance with a sentence of one to two years, consecutive with Case No. 12626, all sentence (sic) suspended on good behavior.

T.C.A. § 40–2906 (T.C.A. § 40–21–106) provides in pertinent part:

"The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as mentioned in § 40–2907 (§ 40–21–107), to revoke and annul such suspensions, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly; . . . ."

■ It is defendant's insistence that the judgments and the minutes do not state any period of suspension in these cases and therefore he was only obligated to abide by the conditions of good behavior for a period of one year from the date of the judgment on each offense since this was the minimum sentence provided by law in each case. With this we cannot agree. The pleas of guilty filed by the defendant are as much a part of the record in this cause as the minutes containing the judgment. Read in conjunction with the judgment of the trial court it is plain that the period of suspension in the first case was for a period of eleven months and twenty-nine days. In Case No. 13712 the period of suspension was for the full term of the sentence from one to two years. It is very likely that a transcript of the guilty plea proceedings could clarify the intent of the court and the understanding of all parties. However, although we have not been favored with that part of the record, it is clear from that which is before us that the suspension was for the full term of the sentences assessed.

■ Defendant protests because the first indication in the court's minutes that an arrest warrant issued was on April 21, 1981. His theory is that T.C.A. § 40–2907 (§ 40–21–107), mandates commencement of revocation proceedings by arrest warrant. A reading of the statute clearly manifests that this is not the exclusive procedure. Defendant was arrested in Knox County on other charges on January 9, 1981. It is obvious from the limited record we have before us that he had actual notice of the revocation proceedings shortly thereafter.

The minutes of the court for January 28, 1981 show he appeared in open court on that date and the revocation proceedings were continued for hearing on January 30th. For the reasons stated we find this issue to be without merit.

Defendant's assertion that denial of a continuance of the revocation proceedings abrogated his right to due process and violated his constitutional right against self-incrimination is also without merit. At the revocation hearing he was given the opportunity to testify and declined to do so. There is nothing in the record to indicate how his testimony might have violated his right to assert his Fifth Amendment privilege. As a practical matter if defendant's insistence were to prevail, he could prevent trial of either the revocation proceedings or the disposition of criminal charges pending in Knox County by simply asserting his right against self-incrimination in either proceeding. See *Roberts v. State,* 584 S.W.2d 242 (Tenn.Cr.App.1979).

We find no error in the trial court proceedings and affirm the judgment below.

CORNELIUS and SCOTT, JJ., concur.