IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 13, 2002 Session

## STATE OF TENNESSEE v. ADRIAN PATTERSON

**Appeal from the Circuit Court for Montgomery County
Nos. 35077 & 36525     John H. Gasaway, III, Judge**

_____

**No. M2001-01991-CCA-R3-CD - Filed September 23, 2002**

_____

The Appellant, Adrian Patterson, appeals the decision of the Montgomery County Circuit Court revoking his two community corrections sentences and resentencing him to the Department of Correction.  On appeal, Patterson argues: (1) that his sentences were actually sentences of probation rather than community corrections and, as such, the trial court was without authority to enlarge his sentences; (2) that the evidence was insufficient to support two of the alleged violations of his Community Corrections Behavioral Contract; and (3) that allowing a cooperating individual to testify about Patterson's drug activity in a pending federal drug case impaired his Fifth Amendment right against self-incrimination at the revocation proceeding.  Finding no merit to Patterson's claims, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Cynthia M. Fort, Nashville, Tennessee, for the Appellant, Adrian Patterson.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

        In this appeal, the Appellant challenges the trial court's revocation and enlargement of his effective seven-year community corrections sentence, resulting in an effective twelve-year Department of Correction sentence.  The procedural background giving rise to the Appellant's effective seven-year sentence presents an involved history of various failed alternative sentencing

attempts, including judicial diversion, probation, split confinement, and community corrections. The origin of this case dates back to March 1995, when the Appellant pled guilty to one count of class C felony possession of cocaine with intent to sell and was granted judicial diversion. Under the terms of the diversionary program, the Appellant was placed on supervised probation for six years. The Appellant's law abiding status was short-lived. In August 1995, the Appellant was charged with violating probation based on numerous violations, including a new arrest for drug violations occurring in June 1995. These new charges ultimately resulted in the Appellant's indictment and jury trial in February 1998, at which time he was found guilty of class C felony possession of cocaine with intent to sell. On March 27, 1998, the Appellant was sentenced to four years community corrections for this offense and was ordered to serve six months periodic confinement. Also, on this same date, the Appellant's grant of judicial diversion was terminated, resulting in an adjudication of guilt and a three-year community corrections sentence to be served consecutively to the four-year sentence for an effective seven-year community corrections sentence.

On April 21,1999, a violation warrant was issued in both cases for violations of the Community Corrections Behavioral Contract, namely violations of curfew, failure to pay court costs, and failure to perform community service work. The court found the Appellant in violation of the conditions of his contract and ordered him to serve "one year in the Montgomery County Jail, day for day, and then be re-instated to Community Corrections to serve balance of original sentence[s]."

After service of this period of confinement, violation warrants were again issued on February 22, 2000, and December 31, 2000, in both cases. On July 20, 2001, a revocation hearing was held with regard to these violations. Based on the evidence presented, the trial court found by a preponderance of the evidence that the Appellant violated the following contract conditions: (1) left the state without permission; (2) failed to attend counseling as scheduled; (3) committed two speeding infractions; (4) failed to pay court costs as ordered; (5) possessed a weapon; and (6) sold cocaine to an informant. As a result of these violations, the trial court enlarged the Appellant's three-year sentence to six years and enlarged his four-year sentence to six years, for an effective twelve-year sentence in the Department of Correction.

**Analysis**

First, the Appellant argues that the trial court lacked the authority to enlarge or modify his sentences because they were, in effect, sentences of split confinement as provided by Tennessee Code Annotated § 40-35-306(A) and a sentence of split confinement may not be enlarged. In support of this argument, he contends that, although his sentences were entered as community corrections sentences, this was error because, by definition, a community corrections sentence is a non-incarcerative sentence. Thus, he asserts that because he was incarcerated for one year, "he was never subject to the Community Corrections Program because his incarceration made him ineligible." We find this argument misplaced. The 1989 Sentencing Act specifically provides that

a sentence to a community based alternative to incarceration may be imposed in combination with a sentence of split confinement. Tenn. Code Ann. § 40-35-104(c)(5)(9). Moreover, Tennessee Code Annotated § 40-36-302(b), provides that community based alternatives may be used "in conjunction with a period of shock incarceration, or in conjunction with a term of probation and/or a term of split confinement or periodic confinement . . . ." Tenn. Code Ann. § 40-36-302(b); s*ee also State v. Jimmy D. Johnson*, No. 03C01-9602-CC-00062 (Tenn. Crim. App. at Knoxville, Oct. 16, 1997). Thus, a one year period of confinement may be imposed as a special condition of a community corrections sentence in the appropriate case. *Id.*

The judgment documents in the record clearly reflect that the trial court's sentences and supervision of the Appellant was through placement in the Community Corrections Program. The incarceration imposed by the trial court was within the parameters of the one-year limit for shock incarceration. Thus, the trial court retained jurisdiction to enlarge the Appellant's sentence as provided by Tennessee Code Annotated § 40-36-106(e)(4). This issue is without merit.

The Appellant next raises a challenge to the sufficiency of the evidence supporting two violations of his Community Corrections Behavioral Contract. Namely, the Appellant alleges that there was insufficient evidence to support a finding that he drove on a suspended license or that he failed to make payments on costs and fees.

Upon finding, by a preponderance of the evidence, that a defendant has violated the conditions of his agreement, a trial court retains the authority to revoke the defendant's placement in the Community Corrections Program and cause execution of the original judgment as it was entered. Tenn Code Ann. § 40-36-106(e)(4).

This court reviews revocation under an abuse of discretion standard. *See State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980), *perm. to appeal denied,* (Tenn. 1981)). This means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *See State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980); *perm. to appeal denied*, (Tenn. 1981)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court exercised a conscientious judgment in determining if there was substantial evidence to establish that a violation occurred.

At the conclusion of the proceeding, the trial court found that the Appellant had committed the following infractions: (1) left the state without permission; (2) failed to attend counseling as

scheduled; (3) committed two speeding infractions; (4) failed to pay court costs as ordered; (5) possessed a weapon; and (6) sold crack cocaine to an informant.[1]

With regard to the alleged failure to prove the Appellant's failure to pay court costs, we find sufficient evidence from the record to support a finding that the Appellant did not pay costs as ordered. The community corrections case officer testified that during the period of October 1999 to the date of the hearing in July 2001, the Appellant made only one scheduled payment. The court record, admitted into evidence, supports this testimony. The Appellant's contention that he believed payment of his cash bond was to be applied towards his monthly payments does not refute this proof. Thus, it was not an abuse of discretion by the trial court to find that, by a preponderance of the evidence, the Appellant had in fact committed this violation.

Finally, the Appellant asserts that the trial court committed error by admitting the testimony of a confidential informant regarding the Appellant's drug activity in a pending federal drug case because the Appellant could not refute the evidence without impinging upon his Fifth Amendment right against self-incrimination. At the revocation hearing, Lewis Spencer, the confidential informant, testified that he had twice purchased crack cocaine from the Appellant during an undercover drug operation. The Appellant alleges that because of the pending federal charges based on these drug buys, he could not address these allegations at the revocation hearing without incriminating himself. Rather than offering rebuttal proof or addressing the allegations, the Appellant chose to invoke his Fifth Amendment right. As such, the Appellant argues that it was error for the trial judge to consider the evidence in determining whether the violation occurred, and the revocation hearing should have been postponed until the federal charges were resolved and the Appellant was free to offer such rebuttal testimony.

This argument has been rejected by prior decisions of this court. In *Barker v. State*, this court held that a defendant can assert his Fifth Amendment right not to incriminate himself at a revocation hearing, but he cannot use this right as a shield to avoid cooperating with the court in its fact finding mission. *Barker v. State*, 483 S.W.586, 588 (Tenn. Crim. App. 1972); *see also State v. Carden*, 653 S.W.2d 753, 755 (Tenn. Crim. App. 1983); *State v. Roberts*, 584 S.W.2d 242, 243 (Tenn. Crim. App. 1979) (rejecting the argument that revocation proceedings should be continued for resolution of the charges forming the basis of the violation in pending cases in order to preserve the defendant's Fifth Amendment rights).

The Appellant misconstrues his Fifth Amendment right. The Fifth Amendment obviously gives the Appellant the right to refuse to incriminate himself. In the present case, the Appellant did invoke his right, and it was honored by the trial court. The Appellant was not forced to testify. However, nothing in the Fifth Amendment prevents the State from using other evidence to prove its

---

[1] The Appellant's brief does not challenge the sufficiency of the evidence with regard to the trial court's findings that he left the state without permission, failed to attend counseling, committed two speeding infractions, or possessed a weapon. We note that any violation of the conditions of the Community Corrections Behavioral Contract would allow the trial judge to revoke the sentence. Thus, these unchallenged violations standing alone would themselves support revocation of the sentences.

burden.  It was the Appellant's choice not to respond to the proof offered by the State.  The Fifth Amendment gives the Appellant that choice but does not preclude use of the evidence.  As such, the trial court committed no error by admitting the testimony of the cooperating individual.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in ordering revocation of the Appellant's community corrections sentences.  Moreover, we find no error in enlargement of the Appellant's effective sentence from seven to twelve years.  Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE