# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
November 7, 2006 Session

## STATE OF TENNESSEE v. SHAD TANKERSLEY

### Appeal from the Criminal Court for Shelby County
### No. 05-04302    Arthur T. Bennett, Judge

### No. W2005-02901-CCA-R3-CD  - Filed April 30, 2007

The Appellant, Shad Tankersly, was found guilty of violating his probation and ordered to serve his sentence in incarceration. On appeal, he challenges the trial court's decision to revoke probation, asking this Court to determine whether a warrant is required to initiate a probation revocation proceeding and toll the time limitation within which to revoke probation. We hold that T.C.A. § 40-35-311 plainly requires the issuance of a warrant to initiate a probation revocation proceeding, and, that in the absence of the issuance of a warrant during the probationary period, as is the case here, there is no tolling of the period. Therefore, we reverse and remand the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Clairborne H. Ferguson, Memphis, Tennessee, for the appellant, Shad Tankersley.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General, and Lee Coffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The following facts are undisputed. On December 18, 2003, the Shelby County Grand Jury returned a three count indictment against the Appellant, charging him with bribery of a public servant and two counts of official misconduct. On November 16, 2004, the Appellant pled guilty to one count of attempted official misconduct. In exchange for his guilty plea, the Appellant

received a sentence of eleven months and twenty-nine days. The trial court suspended the sentence and placed the Appellant on probation. The remaining charges were dismissed.

On June 30, 2005, the Shelby County Grand Jury indicted the Appellant for attempted aggravated rape. From the record, it appears that the events which led to the indictment for attempted aggravated rape took place in 2003, prior to the Appellant being placed on probation for attempted official misconduct. Because of the timing of the indictments and the guilty plea, the State did not seek to revoke the Appellant's probation. The Appellant was released on bond.

On October 24, 2005, a harassment complaint was filed against the Appellant and a warrant was issued for his arrest. On October 25, 2005, the Appellant appeared in court in conjunction with the attempted aggravated rape charge. During that hearing, the State informed defense counsel of the harassment complaint and warrant for the Appellant's arrest. As a result of the new charge, the trial court chose to revoke the Appellant's bond on the rape charge. The Appellant was taken into custody at that time.

On October 28, 2005, the Appellant appeared with his counsel to be arraigned on the rape charges. During that hearing, the State informed the Appellant of its intent to file a petition to revoke his probation.

On November 7, 2005, the Appellant again appeared in court and petitioned the trial court to reinstate his bond. At the beginning of the hearing, the State served the Appellant and his counsel with a copy of the petition to revoke probation that had been filed with the court that morning. Counsel for the Appellant noted that "[b]ut for the State's filing today, [the Appellant's probation] would have expired November 16th. We know now that the filing - that the limitations on that time period are going to be tolled." At the conclusion of the hearing, the trial court denied the request to reinstate bond and set a date for a hearing on the petition to revoke the Appellant's probation. No probation violation warrant was ever issued.

On November 17, 2005, the trial court held a hearing on the State's petition to revoke the Appellant's probation. At the hearing, counsel for the Appellant objected to the revocation petition, arguing that the probationary period had run. The Appellant argued that because no warrant was ever filed, the probationary period was never tolled and had expired prior to the hearing. Consequently, the Appellant argued, the trial court did not have jurisdiction to revoke his probation. The trial court disagreed, determining that the petition was filed while the Appellant was in custody, negating the necessity of the filing of a warrant. The trial court also determined that the Appellant was on notice because he was personally served with a copy of the petition. At the conclusion of the hearing, the trial court revoked the Appellant's probation. The Appellant filed a timely notice of appeal.

Analysis

On appeal, the Appellant complains that the trial court was without jurisdiction to revoke his probation because there was no warrant filed in accordance with T.C.A. § 40-35-311. Specifically, the Appellant contends that because "no warrant was ever issued and the court revoked the suspended sentence after the running of the probationary period" the trial court was without jurisdiction to revoke the Appellant's probation and order him to serve his sentence in incarceration. The State disagrees, arguing that because the Appellant was in custody and before the court at the time the petition to revoke his probation was filed, there was no necessity for a warrant to procure the Appellant's presence. In other words, the Appellant received notice of the probation revocation proceedings because he was personally served with the petition to revoke probation in open court and the petition tolled the running of the probationary period. Further, the State contends that the Appellant consented to the tolling of the probationary period by accepting service of the petition in court.

The record establishes that the State filed a petition to revoke the Appellant's probation on November 7, 2005, prior to the expiration of the Appellant's probationary period and that the petition was personally served on the Appellant in court on that date while he was in custody on other charges. The undisputed facts further show that there was never a probation violation warrant issued in this case. The Appellant's probationary period was set to expire on November 16, 2005. The hearing on the probation revocation petition was held on November 17, 2005, after the Appellant's probationary period expired. Consequently, in order to determine whether the trial court had jurisdiction to revoke the Appellant's probation after the expiration of his probationary period, we must determine whether the issuance of a warrant is the exclusive method for tolling the probationary period and initiating a revocation proceeding.

T.C.A. § 40-35-311 provides the procedure to revoke a suspended sentence or probation and provides as follows:

> (a) Whenever it comes to the attention of the trial judge that any defendant, who has been released upon suspension of sentence, has been guilty of any breach of the laws of this State or has violated the conditions of probation, the trial judge shall have the power to cause to be issued under such trial judge's hand a <u>warrant</u> for the arrest of such defendant as in any other criminal case. Regardless of whether the defendant is on probation for a misdemeanor or a felony, or whether the <u>warrant</u> is issued by a general sessions court judge or the judge of a court of record, such <u>warrant</u> may be executed by a probation officer or any peace officer of the county in which the probationer is found.

T.C.A. § 40-35-311(a) (emphasis added).

"'The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997) (quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)). "Legislative intent and purpose is to be ascertained primarily from the

natural and ordinary meaning of the language used, without a forced or subtle construction that would limit or extend the meaning of the language." Id. We should "assume that the legislature used each word in the statute purposely and that the use of [each] word conveyed some intent." State v. Levandowski, 955 S.W.2d 603, 604 (Tenn. 1997). Legislative intent must be derived from the plain and ordinary meaning of the statutory language if the statute is devoid of ambiguity. Mooney v. Sneed, 30 S.W.3d 304, 306 (Tenn. 2000). When the language is ambiguous, the entire statutory scheme must be examined to determine legislative intent and purpose. Freeman v. Marco Transp. Co., 27 S.W.3d 909, 911 (Tenn. 2000). Moreover, an ambiguity in a criminal statute is construed in favor of the defendant. Levandowski, 955 S.W.2d at 604. Issues of statutory construction are questions of law reviewed de novo without a presumption of correctness. Walls, 62 S.W.3d at 119.

Therefore, looking at the unambiguous language of the statute, it appears that the clear intention of the legislature was to require the issuance of a warrant for the arrest of a defendant who has committed a probation violation in order to initiate the procedure to revoke probation.

In State v. Anthony, 109 S.W.3d 377, 381-82 (Tenn. Crim. App. 2001), this Court determined that "the expiration of a term of probation is stayed by the filing of a violation warrant [rather than a probation violation report] and the probationary term remains in effect until the trial court rules on the violation warrant." In Anthony, the appellant pled guilty to two charges, one with a six-year term and one with a two-year term, to be served consecutively. The appellant was ordered to serve six months in incarceration and the balance of the sentence on probation. After several probation violation reports were filed, the trial court issued an arrest warrant for the appellant. The appellant admitted the violation, but was returned to probation. Several additional probation violation reports were filed against the appellant and eventually a second probation violation warrant was issued for the appellant's arrest. The trial court revoked the appellant's probation on both charges, ordering the appellant to serve the entire eight-year sentence in incarceration. On appeal, the appellant argued that his six-year sentence had expired prior to the issuance of the second warrant and, as a result, the trial court only had the authority to order him to serve the two-year sentence in incarceration. This Court agreed, determining that the warrant, rather than the probation violation report tolled the statute of limitations for probation revocation. The first warrant was filed during the six-year sentence, but the second warrant was not filed until after the expiration of the appellant's six-year sentence. Consequently, this Court determined that the trial court only had the authority to revoke the appellant's probation on the two-year sentence. Id. at 381-82.

Thus, according to Anthony, it appears that although a petition to revoke probation and/or actual notice of the revocation proceedings may satisfy due process concerns in revocation of probation proceedings, only a warrant will toll the probationary period.. See Id.

We note, however, that in State v. Lewis, 917 S.W.2d 251 (Tenn. Crim. App. 1995), this Court held:

The trial court may exercise its authority over a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such

-4-

suspension." Tenn. Code Ann. § 40-35-310. If a <u>petition</u> to <u>revoke</u> is initiated within the term of the sentence, any limitation of the time within which to act is tolled.

<u>Id.</u> at 256. Thus, in <u>Lewis</u>, this Court indicated that the filing of a petition to revoke tolls the time limitation for revocation of probation. However in <u>Lewis</u>, this Court based its decision on <u>State v. Carden</u>, 653 S.W.2d 753 (Tenn. Crim. App. 1983), and <u>State v. McGuire</u>, 292 S.W.2d 190 (Tenn. 1956). In both <u>Carden</u> and <u>McGuire</u>, revocation of probation was permitted even after the expiration of the probationary period where the defendant had actual notice of the proceedings prior to the expiration of the probationary period. See <u>Carden</u>, 653 S.W.2d at 754-55; <u>McGuire</u>, 292 S.W.2d at 192-93. At the time that <u>Carden</u> and <u>McGuire</u> were decided, however, T.C.A. § 40-21-107,[1] prescribed the procedure to revoke suspension or probation that statute clearly indicated that issuance of an arrest warrant was not the exclusive means for initiating a probation revocation proceeding. In fact, T.C.A. § 40-21-107 provided that a defendant could be arrested for a violation of probation with or without a warrant. Specifically, T.C.A. § 40-21-107 stated:

> Whenever it shall come to the attention of the trial judge that any defendant who has been released upon suspension of sentence has been guilty of any breach of the laws of this state or who has violated the conditions of his probation, the trial judge shall have the power in his discretion to cause to be issued under his hand a <u>warrant</u> for the arrest of such defendant as in any other criminal case. Said warrant may be executed by a probation or parole officer or any peace officer of the county in which the probationer is found. Any probation or parole officer for cause may arrest a probationer <u>without a warrant</u>.

(Emphasis added).

After reviewing both <u>Lewis</u> and <u>Anthony</u> and the plain language of T.C.A. § 40-35-311, we determine that the better reasoning is contained in <u>Anthony</u>. When the statute was rewritten as part of the Criminal Sentencing Reform Act of 1989, it was written to provide that the issuance of a warrant was the exclusive charging mechanism for the initiation of a probation revocation proceeding. To adopt the State's interpretation of the statute would require this Court to effectively amend the statute. We are unwilling and unable to take such measures. Any policy concerns with the statute should be addressed to the state legislature. Accordingly, we conclude that the clear intent of the legislature in dealing with probation violations was to require the issuance of a warrant, and the issuance of such a warrant is the only event which tolls the expiration of the probationary period. Because it is undisputed that there was no warrant filed in this case, the Appellant's probationary period expired prior to the trial court's ruling on the petition to revoke probation. Consequently, the trial court was without jurisdiction to revoke the Appellant's probation and order the Appellant to serve his sentence in incarceration. The judgment of the trial court is reversed and remanded.

---

[1] T.C.A. § 40-21-107, entitled "Procedure to revoke suspension or probation," was repealed by 1989 Tennessee Public Act chapter 591 section 7 and replaced by the Criminal Sentencing Reform Act of 1989 with T.C.A. § 40-35-311, the statute at issue herein.

## Conclusion

For the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE