# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT KNOXVILLE
## Assigned on Briefs July 27, 2010

## STATE OF TENNESSEE v. MICHAEL PIERRE ADAMS

**Appeal from the Criminal Court for Hamilton County**
**Nos. 266959, 267015, 267017, 269423     Don W. Poole, Judge**

---

**No. E2010-00083-CCA-R3-CD - Filed November 1, 2010**

---

The Defendant, Michael Pierre Adams, appeals as of right from the Hamilton County Criminal Court's revocation of his community corrections sentences and order of incarceration. The Defendant contends that (1) the trial court's revocation is erroneous and based upon insufficient proof and (2) the State failed to provide him with adequate discovery before the hearing. Additionally, the judgments of the trial court do not reflect that the Defendant was given credit for time served in community corrections. See Tenn. Code Ann. § 40-36-106(e)(4). Following our review, we affirm the judgments of the trial court but remand the case for correction of the judgments to reflect credit for time served in community corrections.

**Tenn. R. App. P. 3; Appeal as of Right; Judgments of the Criminal Court are Affirmed and Remanded for Correction of Judgments.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Hannah C. Stokes, Chattanooga, Tennessee, for the appellant, Michael Pierre Adams

Robert E. Cooper, Jr., Attorney General and Reporter; Sophie S. Lee, Assistant Attorney General; William H. Cox, III, District Attorney General; Lance Pope, Assistant District Attorney General; and Cameron Williams, Assistant District Attorney General, for the appellee, State of Tennessee

## OPINION

On March 17, 2008, the Defendant pled guilty to three counts of aggravated burglary in cases 266959, 267015, and 267017. The Defendant was sentenced to three years,

suspended, and placed on intensive probation for six years for each count with the sentences to be concurrent with each other. On September 17, 2008, a warrant was issued for the Defendant's arrest for violating the conditions of his probation. Specifically, the probation violation was based upon the Defendant's new arrest and charge for aggravated burglary in case 269423. On February 3, 2009, the Defendant pled guilty to the new aggravated burglary charge and was sentenced to serve six months followed by six years of community corrections. Regarding the three original charges, the trial court sentenced the Defendant to serve 11 months and 29 days with the balance of his sentence to be served in community corrections. The trial court ordered the Defendant's sentence in 269423 to be served consecutively to the effective three-year sentence in the original cases for a total effective sentence of nine years. On April 28, 2009, a warrant was issued for the Defendant's arrest for violating the conditions of his community corrections sentence by committing a new offense.

At the revocation hearing, Chris Jackson of the Hamilton County Community Corrections office testified that he filed a violation report because the Defendant committed a new offense. Mr. Jackson testified that this new offense occurred on April 16, 2009, just three days after the Defendant had entered the more lenient second phase of the community corrections program. Mr. Jackson also testified that when he met with the Defendant on April 16, the Defendant did not advise him that he had committed a new offense. The Defendant had been charged with first degree murder, felony murder, attempted especially aggravated robbery, and aggravated burglary. Detective James Holloway of the Chattanooga Police Department testified that on April 16, 2009, he was assigned to investigate the murder of Steven Matthew Coyle. Detective Holloway further testified that during his investigation, the Defendant became a potential suspect and that after advising the Defendant of his Miranda rights, he interviewed the Defendant. The State introduced both a transcript and audio recording of the interview into evidence and played the audio recording for the court.

In the Defendant's statement to the police, he told Detective Holloway that he went to the victim's house with several other men to steal marijuana from the victim. The Defendant also stated that he was aware that at least one person had a gun. Once they arrived at the victim's house, the Defendant got out of the vehicle to serve as a lookout while someone else entered the house. The Defendant stated that he watched as one of the men entered the house and that at one point, the Defendant tried to warn him that there was someone in the house. Once the Defendant heard the gunshot, he and the other men returned to the car and fled the scene. The Defendant then stated that he spoke with Mr. Jackson and did not mention any of this to him.

Several times during the revocation hearing defense counsel requested a continuance because she had not received a copy of the audio recording of the Defendant's statement and

had only received the transcript of his statement the previous week. The State responded that the hearing had been scheduled for at least a month and the defense had already been granted several continuances. At the conclusion of the State's proof, defense counsel argued that the State failed to prove the Defendant's participation in the charged crimes and that the revocation hearing should be "continued until the murder charge is resolved and see if he, indeed, is found guilty of any of these charges." The trial court rejected these arguments and found that the Defendant had violated the conditions of his community corrections sentence. The trial court then ordered the Defendant's sentences into execution.

## ANALYSIS

On appeal the Defendant contends that the record does not contain sufficient evidence to support the revocation of Defendant's community corrections sentence. Specifically, the Defendant asserts that the State failed to meet its burden because he has not yet been convicted of any new offenses. Additionally, the Defendant objects to the fact that the State did not provide him with the statements of the other suspects in the victim's murder and did not provide defense counsel with his own statement until a week before the hearing. The State responds that the proof at the revocation hearing established by a preponderance of the evidence that the Defendant committed a new crime. The State also responds that because the rules of evidence are more relaxed in a revocation hearing, defense counsel was timely provided the transcript of the Defendant's statement.

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation occurred. State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). Pursuant to Tennessee Code Annotated section 40-35-311(e), the trial court is only required to find that the violation of a community corrections sentence occurred by a preponderance of the evidence. In reviewing a trial court's findings, this court must examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence and order the original sentence to be served in confinement. Tenn. Code Ann. § 40-36-106(e)(4).

Criminal conduct that is the basis of pending charges may serve as the basis for a revocation of a community corrections sentence. State v. Andrew B. Edwards, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3 (Tenn. Crim. App. May 26, 2000), perm. app. denied (Tenn. Sep. 11, 2000). However, the trial court cannot rely solely on the mere fact of an arrest or an indictment. Id. Instead, the State must provide evidence "in order to

establish the . . . commission of another offense." Id. Put another way, the State must produce evidence "to establish that the defendant committed the offense with which he has been charged." State v. Lontrell Williams, No. W2009-00275-CCA-R3-CD, 2009 WL 3518171 at *3 (Tenn. Crim. App. Oct. 30, 2009). Additionally, a defendant's right to due process is not violated when the trial court denies a continuance of the revocation proceedings until the disposition of the pending criminal charges. State v. Carden, 653 S.W.2d 753, 755 (Tenn. Crim. App. 1983).

The defendant, at a revocation proceeding, is not entitled to all of the rights associated with a criminal trial but is entitled to some quantum of due process. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993). A defendant is entitled to disclosure of the evidence against him. Id. (citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973)). However, a defendant receives adequate due process in this regard when the revocation petition "disclose[s] the nature of the evidence against him." Practy v. State, 525 S.W.2d 677, 682 (Tenn. Crim. App. 1974). In Practy, the court concluded that the State adequately disclosed the nature of the evidence against a defendant when it included in the petition for revocation the name of the new offense. Id. at 679, 682.

Based on the Defendant's statement to Detective Holloway, the trial court found by a preponderance of the evidence the Defendant committed the new crimes charged. In his statement, the Defendant admitted that he and the other men went to the victim's house to break in and steal marijuana from the victim. The Defendant also admitted that he knew at least one of the men had a gun and that he served as a lookout for the killer. These statements support the trial court's decision to revoke the Defendant's community corrections sentences and to order the sentences served in confinement. We conclude that the trial court exercised a conscientious judgment in arriving at its determination. Additionally, the petition for revocation lists as its basis the Defendant's arrest and charge for first degree murder. This was sufficient to disclose the nature of the evidence against the Defendant. Furthermore, the only statement used at the revocation hearing was the Defendant's, which the State provided to defense counsel a week before the hearing. Accordingly, the judgments of the trial court are affirmed. However, the judgments do not reflect that the Defendant was given credit for time served in community corrections. See Tenn. Code Ann. § 40-36-106(e)(4). Accordingly, we remand the case for correction of the judgments to reflect credit for time served in community corrections.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed. However, we remand the case to the trial court for correction of the judgments to reflect Defendant's time served in community corrections.

_____
D. KELLY THOMAS, JR., JUDGE