IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2009

## STATE OF TENNESSEE v. ROBERT CHRISTOPHER DIAL

**Appeal from the Circuit Court for Maury County**
**No. 12614 & 12615    Stella Hargrove, Judge**

_____

**No. M2008-02330-CCA-R3-CD - Filed April 13, 2010**

_____

In Maury County on June 17, 2002, Appellant pled guilty to two counts of attempted aggravated sexual battery. He was sentenced to two six-year sentences to be served consecutively. He was placed on probation. After violating probation, he was placed on Community Corrections. On July 10, 2008, Appellant's Community Corrections officer filed a violation report. After a hearing, the trial court revoked Appellants Community Corrections sentence and ordered him to serve his full twelve year sentence. On appeal, Appellant argues that the trial court abused it discretion in revoking his Community Corrections sentence and that the trial court did not have authority to impose the full twelve year sentence. We conclude that the trial court did not abuse its discretion in revoking the Community Corrections sentence. However, we agree with Appellant that he had previously served the first six-year consecutive sentence, and the trial court can only impose the remaining six-year sentence. Therefore, we affirm the revocation of the Community Corrections sentence, and modify Appellant's sentence to six years.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed in Part and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Lawrence W. Moon, Jr., Assistant Public Defender, Columbia, Tennessee, for the appellant, Robert Christoper Dial..

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Mike Bottoms, District Attorney General, and Brent Cooper, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On October 8, 2001, the Maury County Grand Jury indicted Appellant for one count of Rape of a Child and one count of aggravated sexual battery. On June 17, 2002, Appellant pled guilty to two counts of attempted aggravated sexual battery. Appellant received two consecutive six-year sentences to be served on probation.

Appellant had more than one violation leading up to the violation at issue in this appeal. On May 27, 2003, the trial court revoked Appellant's probation for failing two drug tests, being in arrears by $40.00 of his probation fees, and failing to pay court costs. As a result, the trial court ordered Appellant to serve 120 days in the county jail and the remainder of his sentence on Community Corrections. On September 21, 2004, the trial court revoked Community Corrections for testing positive for marijuana, failing to attend sex offender classes, and failing to perform community service. The Community Corrections sentence was ordered to be reinstated upon Appellant's completion of in-patient treatment. On December 2, 2005, the trial court again revoked Appellant's Community Corrections based upon violation reports of an arrest for aggravated assault and vandalism; violation of the sex offender registry; failure to pay court costs and supervision fees; failing to maintain full-time employment or show proof of searching for employment; testing positive for marijuana twice, failing to perform community service, and failing to attend sex offender meetings. The trial court ordered Appellant to serve 180 days in the county jail and the remainder of his sentence on Community Corrections.

In June and July 2008, Appellant, his mother and his girlfriend were residing at his grandmother's house. The address for his grandmother's house was listed as his primary residence for his Community Corrections sentence. On June 24, 2008, a home visit was conducted at his grandmother's house and everything was found to be in order.

On July 2, 2008, Appellant's mother had an altercation with her boyfriend. As a result of the altercation, she asked Appellant's girlfriend to obtain a room at the nearby Days Inn motel. Appellant and his girlfriend also went to the motel. The boyfriend arrived at the motel and threatened Appellant's mother with "getting rid of Appellant" if she did not speak with him. She refused. Shortly thereafter, the police received a report that Appellant was on probation for sexual offenses and was in violation of his 6:00 p.m. curfew and was not at his required residence. The report also stated that Appellant could be found at the Days Inn.

At 8:50 p.m., Officer Sam Barnes, with the Maury County Sheriff's department arrived at the Days Inn in response to the call about Appellant. He witnessed Appellant swimming in the pool with another gentleman and two children. Appellant immediately exited the pool and came over to speak with Officer Barnes. Appellant told Officer Barnes that he had to leave his grandmother's house because of a problem at the house. When asked if he had notified his probation officer, Appellant replied that he had not. Officer Barnes recommended to Appellant that he notify his

Community Corrections officer about his whereabouts and go inside because it was three hours past his curfew. Appellant told Officer Barnes that he knew he was in violation of his probation. Officer Barnes stated that Appellant was very cooperative.

On July 10, 2008, Appellant's Community Corrections officer, Ms. Faith Dudley, filed an affidavit of violation. In the affidavit she cited the following violations of Appellant's Community Corrections program:

1) Based on observations by Officer Sam Barnes, on 7-2-08, [Appellant] was at a swimming pool at the Days Inn Hotel in Maury Co., TN with children under the age of 18 and [Appellant] is a Tennessee Registered Sex Offender.

2) On 7-2-08, during a home visit performed by Officer Joel Willoughby, [Appellant] was not at home. [Appellant] has a 6 p.m. curfew and he failed to be at home. This visit occurred after 6:00 p.m.

3) [Appellant] has failed to show proof of employment as required.

4) [Appellant] has failed to pay court cost as required.

On September 18, 2008, the trial court held a hearing to determine whether to revoke Appellant's Community Corrections sentence. Ms. Dudley testified at the hearing. She testified that she advises her offenders that when they have a curfew they are to be in their place of residence by the time of the curfew. In July 2008, she was under the belief that Appellant lived at his grandmother's house. Appellant had not informed her otherwise. Ms. Dudley stated that the last time Appellant had paid toward his court costs was in January 2008 for an amount of $10.00. As for proof of employment, the last job Appellant reported to her was CiCi's Pizza in January 2008, but Appellant never verified that he was employed at that establishment. She did acknowledge that Appellant reported consistently between January and July 2008. Officer Sam Barnes testified that on July 2, 2008, he arrived at the Days Inn at 8:50 p.m. and found Appellant in the pool with two children and another gentleman.

Appellant presented evidence that he was at the Days Inn to protect his mother from her abusive boyfriend. There was also evidence presented of his mental health issues.

At the conclusion of the hearing, the trial court found that the State had proven that Appellant had violated his curfew, had failed to show proof of employment, and had failed to pay court costs. The trial court revoked Appellant's Community Corrections sentence and ordered him to serve his full twelve year sentence.

Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that (1) the trial court abused its discretion in fully revoking Appellant's Community Corrections sentence; and (2) the trial court did not have the authority to impose the full twelve year sentence because the first of the consecutive six year sentences had expired at the time the alternative sentence was revoked. The State argues that there was sufficient evidence to support the trial court's revocation of the Community Corrections sentence. The State also concedes that the trial court did not have the authority to impose the full twelve year sentence.

The Community Corrections Act of 1985 was designed to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community-based alternatives to incarceration." T.C.A. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, however, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. *State v. Taylor*, 744 S.W.2d 919 (Tenn. Crim. App. 1987).

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration.

T.C.A. § 40-36-106(e)(4). In other words, the trial court may conduct a sentencing hearing, and may impose a greater sentence than the original sentence. *Griffith*, 787 S.W.2d at 342; *State v. Cooper*, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998).

In *State v. Harkins*, 811 S.W.2d 79 (Tenn. 1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e); *Stamps v. State*, 614 S . W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated the terms of his sentence. *Harkins*, 811 S.W.2d at 82 (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978)); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles

-4-

involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001)(quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). It is incumbent upon the trial judge to exercise a conscientious and intelligent judgment. *See State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

We conclude that the trial court did not abuse its discretion by revoking Appellant's Community Corrections Sentence. Appellant has failed to show that there is a lack of substantial evidence to support the trial court's determination that he violated his curfew, that he had failed to pay court costs, and that he had failed to prove employment. There was more than sufficient evidence presented at the revocation hearing to support the trial court's conclusions.

After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c), -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999).

In the case at hand, Appellant was sentenced to two six-year sentences to be served consecutively for an effective sentence of twelve years. Upon revocation of the community corrections sentence, the trial court ordered that Appellant serve the twelve year sentence in its entirety. However, if a defendant is serving consecutive suspended sentences on probation, only the suspended sentences that have not already been served in full may be revoked. *State v. Raymond Kurt Bryant*, No. M2005-02467-CCA-R3-Cd, 2006 WL 2738107, at *2 (Tenn. Crim. App., at Nashville, Sept. 26, 2006)(citing *State v. Anthony*, 109 S.W.3d 377, 380-81 (Tenn. Crim. App. 2001). Although *Bryant* and *Anthony* are probation cases, as the State concedes, they are applicable to a community corrections sentence as well.

Appellant's judgment was entered June 18, 2002. He received jail credit toward the first six year sentence from November 5, 2001 to June 18, 2002. Therefore, he began serving his sentence on November 5, 2001. The first six-year sentence would have expired on November 5, 2007, eight months before the current violation report was filed.

Therefore, Appellant's sentence must be modified to six years.

## **CONCLUSION**

For the foregoing reasons, we affirm in part and modify in part and remand for entry of a corrected judgment in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE

-5-