# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 11, 2001

## STATE OF TENNESSEE v. RANDALL ANTHONY

**Direct Appeal from the Criminal Court for Madison County**
**No. 91-335      Donald H. Allen, Judge**

---

**No. W2000-02234-CCA-R3-CD - Filed July 6, 2001**

---

In September 1991, the Defendant pled guilty to aggravated assault and possession of a weapon with intent to employ it in the commission of aggravated assault. The Defendant was sentenced to six years for the aggravated assault conviction and to two years for the weapon conviction. The sentences were to run consecutively, for an effective sentence of eight years, with six months to be served in jail and the remainder to be served on intensive probation. Following several probation violation reports, the trial court revoked the Defendant's probation. The Defendant now appeals, arguing that the trial court erred in revoking his entire eight-year probated sentence when his six-year sentence had expired prior to the issuance of the probation revocation warrant. Finding that the probation revocation warrant was not timely filed as to the aggravated assault conviction, we reverse the judgment of the trial court revoking the Defendant's probation for that count. Finding that the probation revocation warrant was timely filed as to the weapons conviction, we affirm the judgment of the trial court revoking the Defendant's probation for that count.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part,**
**Reversed in Part and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Vanessa D. King, Assistant Public Defender, Jackson, Tennessee, for the Appellant, Randall Anthony.

Paul G. Summers, Attorney General and Reporter, Mark E. Davidson, Assistant Attorney General, James G. Woodall, District Attorney General, R. Leigh Grinalds, Assistant District Attorney General and Shaun Alan Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On September 9, 1991, pursuant to a plea agreement, the Defendant pled guilty to aggravated assault, a Class C felony, and to possession of a weapon with intent to employ it in the commission of aggravated assault, a Class E felony. The Defendant was sentenced to six years for the aggravated

assault conviction and to two years for the weapon conviction. The sentences were to run consecutively, for an effective sentence of eight years, with six months to be served in jail and the remainder to be served on intensive probation. A probation order was filed on September 24, 1991, setting out the conditions of probation and providing that "[t]he expiration of this probationary sentence is the 10th day of March, 1999." (emphasis in original). The plea agreement provided that the Defendant was to report to jail on October 24, 1991, to serve the six months.

The trial court entered an order on April 1, 1992 suspending the balance of the six months in jail and granting the Defendant intensive probation. On June 3, 1992, a probation violation report was filed alleging that the Defendant tested positive for marijuana and cocaine. The probation officer did not request a hearing date "pending the client's participation in out-patient treatment and to allow further monitoring of his behavior." On October 7, 1992, the trial court ordered that the Defendant be transferred from intensive probation to regular probation, effective retroactively to October 1, 1992. On October 30, 1996, another probation violation report was issued against the Defendant alleging that he changed his residence without notifying his probation officer and that he failed to report to the probation officer. The trial court issued an arrest warrant for the Defendant on October 28, 1996, which was served on the Defendant on December 18, 1996. On January 6, 1997, the Defendant admitted to absconding in violation of his probation, and the trial court ordered a transfer from regular to intensive probation. On January 28, 1997, an additional probation order was filed which again set the expiration of the Defendant's probationary eight-year sentence as March 10, 1999. On March 4, 1997, another probation violation report was filed alleging that the Defendant admitted to using marijuana and cocaine. Again, the Defendant's probation officer requested no court date "to allow client to try and obtain treatment . . . ." On October 14, 1997, the trial court ordered that the Defendant be transferred from intensive to regular probation. On June 22, 1998, a probation violation report was filed alleging that the Defendant was over ninety days delinquent in paying his supervision fees. Another probation violation report was filed on August 27, 1998 alleging that the Defendant had committed a domestic assault. On November 5, 1998, the trial court issued a warrant for the Defendant's arrest after receiving a probation violation report stating that the Defendant had absconded.

Eventually, the Defendant was arrested on the November 5, 1998 warrant, and the trial court conducted a probation revocation hearing on September 5, 2000. At the hearing, Jim Midyett, the Defendant's probation officer, testified that in November 1998, the Defendant was classified as an absconder. According to Midyett's records, July 14, 1998 was the last time that the Defendant reported to probation. Midyett also testified that the Defendant had not paid his supervision fees.

Jimmy Collins, the Defendant's stepfather, testified that he has known the Defendant since 1980 or 1981. Collins testified that the Defendant has a drinking problem and that the Defendant should receive long-term drug treatment rather than incarceration.

The Defendant testified at his probation revocation hearing. When asked why he stopped reporting to his probation officer, the Defendant replied, "Well, actually, it was mostly I was just – I was getting drunk and staying drunk and doing drugs and just my stupidity." At the time he was

arrested, the Defendant was working maintenance at the Payless Motel. The Defendant admitted, "I did everything I've been accused of." The Defendant testified that he wanted help for his alcoholism.

The trial court revoked the Defendant's probation after a hearing on September 5, 2000, finding that the Defendant failed to report and failed to pay supervision fees. The trial court ordered that the Defendant serve his effective eight-year sentence in the Department of Correction, with credit for jail time actually served.

## ANALYSIS

A trial court may revoke a sentence of probation if it determines by a preponderance of the evidence that the conditions of probation have been violated. Tenn. Code Ann. § 40-35-311(e). The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court will be upheld on appeal unless there has been an abuse of discretion. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). To find an abuse of discretion in a probation revocation case, an appellate court must determine that the record is void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. Grear, 568 S.W.2d at 286; State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). In State v. Lewis, 917 S.W.2d 251 (Tenn. Crim. App. 1995), this Court held:

> The trial court may exercise its authority over a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such suspension." Tenn. Code Ann. § 40-35-310. If a petition to revoke is initiated within the term of the sentence, any limitation of the time within which to act is tolled.

Id. at 256. Moreover, when a Defendant is on probation on two consecutive sentences and violates his probation before completion of the first term, the trial court has the authority to revoke all probation and order service of the original sentences. See State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999).

In revoking the Defendant's probation, the trial court stated that the Defendant has "violated the terms and conditions of his probation in a substantial way, those being that he's not reported as directed." The Defendant concedes that the trial court had sufficient grounds to revoke his probation; however, he argues that the trial court did not have authority to do so because one of his sentences had ended before the probation revocation warrant was issued. Specifically, the Defendant argues that he had already served his six-year sentence for aggravated assault before the final probation revocation warrant was issued and that the trial court therefore only had authority to revoke his probation for the remaining two-year sentence. We agree.

The Defendant was convicted on September 9, 1991 of aggravated assault and possession of a weapon with intent to use it in the commission of an assault. The Defendant was sentenced to six years for aggravated assault and to two years for weapon possession. It was clearly stated in the original probation order that the probation would not expire until March 10, 1999. However, the two sentences were to be served consecutively, for an effective sentence of eight years, which explains the date of March 10, 1999 as the date that probation would expire. Although it is not entirely clear from the record, it does appear that at the time the Defendant entered his guilty pleas, the trial court intended that the aggravated assault sentence in count one would be served first. We reach this conclusion primarily because the six-month jail sentence is impliedly part of the judgment pertaining to count one.[1] Because the Defendant was ordered to report to jail on October 24, 1991, it stands to reason that this would be as a result of the conviction in count one, and therefore he would be serving the sentence in count one first. Thus, it is logical to conclude that had all gone as planned, the Defendant's probation for the aggravated assault conviction was to expire on March 10, 1997, followed by two more years of probation for the weapon conviction.

As is often the case, all did not go as planned. The Defendant received two probation violation reports before a probation violation warrant was filed on December 19, 1996. This warrant was disposed of when the trial court entered a new probation order on January 28, 1997. However, the trial court did not revoke the Defendant's probation. The Defendant received four more probation violation reports after this new order. On November 5, 1998, more than six years from the beginning of the six-year sentence for the aggravated assault conviction, a probation violation warrant was issued alleging that the Defendant had absconded. This warrant was timely filed before the expiration of the Defendant's probation for the weapons possession conviction, but not before the expiration of the Defendant's probation for the aggravated assault conviction. Therefore, the trial court had authority only to revoke the Defendant's probation on the weapons possession conviction based on the warrant filed on November 5, 1998.

The State argues in its brief that the filing of probation revocation reports sufficiently tolled the running of the Defendant's sentence for the aggravated assault conviction. We respectfully disagree. However, we agree with the State's argument that the expiration of a term of probation is stayed by the filing of a violation <u>warrant</u>, and the probationary term remains in effect until the trial court rules on the violation warrant. <u>State v. Clark</u>, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998). In this case, there were only two warrants filed. The first warrant was filed and ruled upon within the six-year probated sentence for the aggravated assault charge.[2] The trial court did not extend the term of probation for that conviction. The second warrant was filed after the six-year probated sentence for the aggravated assault conviction had expired, but prior to the expiration of the two-year probated sentence for the weapon conviction.

---

[1] The judgment for count one indicates that the Defendant was sentenced to "6 years" TDOC with probation for "5 Years 6 Months."

[2] We note that even if we "toll" the running of the six-year sentence from the date of the first warrant until the trial court ruled on that warrant, this would only "extend" the Defendant's sentence approximately 85 days, resulting in the second warrant still being untimely filed.

We reverse the trial court's revocation of probation in count one and affirm the trial court's revocation of probation in count two. The case is remanded to the trial court for the entry of an appropriate amended order requiring the Defendant to serve only the two-year sentence in count two in the Tennessee Department of Correction.

Accordingly, the judgment of the trial court is REVERSED IN PART, AFFIRMED IN PART, and REMANDED.

_____
ROBERT W. WEDEMEYER, JUDGE