IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. AP-74,955






EX PARTE JOHN MICHAEL HARVEY








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TARRANT COUNTY






 Per Curiam. Johnson, J., filed a dissenting opinion. Hervey, J., filed a dissenting
opinion, in which Keasler, J., joined. Keller, P.J., dissented.



 This is a post-conviction application for a writ of habeas corpus. On October 30, 1992,
the applicant, John Michael Harvey, was convicted of aggravated sexual assault of a child
younger than fourteen years old. Punishment was assessed at 40 years' imprisonment. The Court
of Appeals for the Second District of Texas affirmed the trial court's judgment. See Harvey v.
State, No. 02-92-00448-CR (Tex. App.-- Fort Worth, March 22, 1994) (not designated for
publication). The applicant filed an application for writ of habeas corpus in April, 1996, and an
amended application in March, 1999. After a hearing, the trial court entered findings of fact and
conclusions of law, and this Court denied the applicant's original application. 

 The applicant filed this subsequent application in May 2003, alleging four basic grounds
of relief including an actual-innocence claim. The applicant contends that there is no evidence to
support his conviction, and that he has newly discovered evidence of his innocence. The trial
court conducted a hearing and entered findings of fact and conclusions of law, supported by the
record, recommending that relief be granted. Specifically, the trial court found that the applicant
is actually innocent of this offense based upon newly discovered evidence in the form of the
victim's recantation of her trial testimony. Further, the trial court found that a jury would acquit
the applicant based on this newly discovered evidence. The applicant is entitled to relief. See Ex
parte Tuley, 109 S.W.3d 380 (Tex. Cr. App. 2002).

 Relief is granted. The judgment in cause number 0491473-R in the 371st Judicial District
Court of Tarrant County is vacated, and the applicant is remanded to the custody of the Sheriff of
Tarrant County to answer the charges as set out in the indictment. 

 Copies of this opinion will be sent to the Institutional Division and the Pardons and
Paroles Division of the Texas Department of Criminal Justice.


En banc.

Delivered December 8, 2004.

Do not publish.