# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2011

## STATE OF TENNESSEE v. LATASHA REID

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-510     Donald H. Allen, Judge**

**No. W2010-01428-CCA-R3-CD  - Filed August 30, 2011**

The appellant, Latasha Reid, pled guilty in the Madison County Circuit Court to nine counts of identity theft and one count of felony theft.  She received an effective four-year probation sentence for the identity theft convictions and a two-year probation sentence for the felony theft conviction, to be served consecutively, for a total effective sentence of six years. Almost six years later, the trial court revoked the appellant's probation and ordered her to serve her entire sentence anew.  On appeal, the appellant contends, and the State concedes, that the trial court erred by ordering her to serve her effective six-year sentence anew because part of the sentence had expired.  Based upon the record and the parties' briefs, we reverse the trial court's revocation of the appellant's expired four-year probation sentence.  The trial court's revocation of the appellant's two-year probation sentence is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed in Part and Reversed in Part.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Latasha Reid.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that on September 7, 2004, the appellant pled guilty to nine counts

of identity theft, a Class D felony, and one count of theft of property valued one thousand dollars or more but less than ten thousand dollars, a Class D felony. The trial court sentenced her to four years for each identity theft conviction and ordered that the sentences be served concurrently. The trial court sentenced her to two years for the theft conviction and ordered that it be served consecutively to the effective four-year sentence for a total effective sentence of six years. The trial court also ordered that the sentences be served on probation. On April 19, 2010, the trial court issued a probation violation warrant, alleging that the appellant violated her probation by being convicted on December 1, 2009, of criminal impersonation, by failing to pay probation supervision fees, and by failing to pay restitution.

At the May 17, 2010 probation revocation hearing, the appellant acknowledged that she was convicted in December 2009 of criminal impersonation and that she still owed probation supervision fees. She also acknowledged that at the time the trial court issued the probation violation warrant, she owed more than $15,000 in restitution. However, a few days before the revocation hearing, the appellant's family paid $15,000 toward her restitution, leaving her with a balance of only $760. She said that "a bad decision" resulted in the criminal impersonation charge, that she was a student at Jackson State, and that she missed her final exams because she was in jail for the charge.

The trial court determined that the appellant violated her probation "in a substantial way" by being convicted of criminal impersonation and by failing to pay supervision fees and restitution. The trial court ordered that she serve sixty days of "shock incarceration" with credit for time served. The trial court also said it was going to have a criminal records check conducted on the appellant because "I want to make sure this is the only arrest that's taken place in the last six years." The trial court scheduled another hearing for June 14, 2010.

At the June 14, 2010 hearing, the trial court announced that it had issued a second probation violation warrant that morning on the basis that the appellant violated her probation by being convicted on October 27, 2009, of unauthorized use of a handicap placard and by being convicted on May 18, 2010, of passing worthless checks. Defense counsel informed the court that the October 27, 2009 conviction for unauthorized use of a handicap placard and the December 1, 2009 conviction for criminal impersonation had resulted from the same incident. However, counsel acknowledged that the appellant pled guilty to both offenses. Counsel also acknowledged that the appellant pled guilty on May 18, 2010, to passing one worthless check.

The trial court ruled that the appellant violated her probation by being convicted of unauthorized use of a handicap placard and by violating the bad check law. The trial court revoked her probation, stating,

Your probation is revoked. It will start all over again. You'll serve 180 days and once you've completed 180 days then you'll be released back onto probation. I'm going to give you another chance to prove to me that you can make it on probation. You can't be violating the law anymore.

## II. Analysis

The appellant contends that the trial court erred by ordering her to serve her six-year sentence anew because her effective four-year sentence for the identity theft convictions expired before the trial court issued the probation revocation warrants. The State concedes that the appellant completed her four-year probation sentence and that the trial court could not order her to serve that portion of her probation again. However, the State argues that because the trial court could have extended the appellant's remaining probationary term by two years, this court should remand the case to the trial court in order for the trial court to have that opportunity.

Generally, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

Upon finding by a preponderance of the evidence that a defendant has violated the terms of probation, the court can revoke the probation and reinstate the entire original sentence. See Tenn. Code Ann. §§ 40-35-310, -311(e). In the alternative, "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c); see also State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). The trial court may either impose the original sentence or extend the probationary period by up to two years, but it may not do both. Hunter, 1 S.W.3d at 647. Moreover, if a defendant successfully completes a probationary sentence, the trial court has no authority to revoke probation and order the service of the original sentence. Id. at 646. "When a defendant is serving consecutive suspended sentences on probation, the trial court may only revoke those suspended sentences that have not already been served in full." State v. Raymond Kurt Bryant, No. M2005-02467-CCA-R3-CD, 2006 Tenn. Crim. App. LEXIS 740, at *6 (Nashville, Sept. 26, 2006); see State v. Anthony, 109 S.W.3d 377, 380 (Tenn. Crim, App. 2001).

Turning to the instant case, the appellant began serving her effective four-year sentence for the identity theft convictions in 2004. Therefore, it expired in 2008, and the trial court could not revoke her four-year probation sentence. The trial court properly revoked the appellant's two-year probation sentence and ordered her to serve that sentence anew.

Because the trial court chose to impose the appellant's original sentence, it could not extend the probationary period by two years. In any event, we note that the appellant was not released on bond pending this appeal and has already served her one-hundred-eighty-day sentence. Given that the appellant ended up serving six months in jail on what should have been a revocation for a two-year probation sentence, we decline the State's request to remand this case for further consideration by the trial court.

### III. Conclusion

Based upon the record and the parties' briefs, we reverse the trial court's revocation of the appellant's expired four-year probation sentence. The trial court's revocation of the appellant's two-year probation sentence is affirmed.

_____
NORMA McGEE OGLE, JUDGE