IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs May 15, 2012

## GARY R. BUNTON v. DAVID SEXTON, WARDEN AND STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5901     Lynn W. Brown, Judge**

---

**No. E2011-02089-CCA-R3-HC - Filed August 23, 2012**

---

The Petitioner, Gary R. Bunton, appeals the Johnson County Criminal Court's dismissal of his petition for a writ of habeas corpus, arguing that he is being illegally restrained because his probation and community corrections sentences expired before revocation warrants were filed. Upon review of the record and the parties' briefs, we conclude that the habeas corpus court properly dismissed the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Gary R. Bunton, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I.  Factual Background

On October 5, 2004, the Petitioner pled guilty in case number 15972 to unlawful possession of a weapon by a convicted felon, a Class E felony, and received a three-year sentence to be served on probation and consecutive to prior sentences. On November 20, 2006, the Petitioner pled guilty in case number 18465 to failure to appear, a Class E felony; in case number 4653 to aggravated assault, a Class C felony; in case number 4590 to theft of property valued more than $500 but less than $1,000, a Class E felony; and in case number

4954 to failure to appear, a Class E felony. The Petitioner received two-year sentences for each of the Class E felony convictions and a six-year sentence for the Class C felony conviction. All of the sentences were to be served in a community-based alternative to confinement, specifically house arrest, and were to be served consecutively to each other and the three-year sentence in case number 15972 for a total effective sentence of fifteen years.

On August 6, 2009, the Petitioner's community corrections supervisor alleged that the Petitioner violated the terms of his community corrections sentences. On August 10, 2009, the trial court filed revocation warrants, and on January 5, 2010, the trial court revoked the appellant's sentences in all five cases and ordered him to serve the effective fifteen-year sentence in confinement. Subsequently, the Petitioner filed a petition for a writ of habeas corpus, alleging that he was being illegally restrained because his three-year probation sentence in case number 15972 and his two-year community corrections sentence in case number 18465 expired before the revocation warrants were filed. On September 12, 2011, the habeas corpus court filed an order dismissing the petition, concluding that "[n]othing in the petition would support a finding by this court that [Petitioner's] conviction is void or that his sentence has expired." The Petitioner challenges the ruling of the habeas corpus court.

## II. Analysis

Generally, the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness Id. Moreover, it is the Petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

A trial court

> shall . . . possess the power to revoke [a suspended] sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). For consecutive sentences, the court may revoke the suspended sentence only in those cases in which the term of the individual sentence had not expired before the revocation warrant was filed. State v. Anthony, 109 S.W.3d 377, 381-82 (Tenn. Crim. App. 2001).

In the instant case, the first term to be served in the Petitioner's effective fifteen-year sentence was the three-year probation sentence in case number 15972. Granted, the Petitioner was sentenced in that case almost five years before the revocation warrants were filed. However, according to the judgment for case number 15972, the sentence was to be served consecutively to "Johnson Co Case 3940 and any prior convictions." Nothing in the appellate record reveals when the Petitioner began serving his three-year probation sentence in case number 15972 or when the sentence expired. Therefore, the Petitioner has failed to show that any part of his effective fifteen-year sentence had expired when the revocation warrants were filed.

### III. Conclusion

Based upon the record and the parties' briefs, we conclude that the habeas corpus court properly dismissed the petition.

_____
NORMA McGEE OGLE, JUDGE