IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2013

**STATE OF TENNESSEE v. FREDA DARLENE GARRETT**

**Appeal from the Criminal Court for Bradley County**
**Nos. 08-028, 01-359     Amy Reedy, Judge**

**No. E2012-01561-CCA-R3-CD - Filed July 23, 2013**

The State obtained a probation revocation warrant seeking to revoke the probation of appellant, Freda Darlene Garrett, for committing new criminal offenses, failing to report, and failing to pay court-ordered restitution. Following a revocation hearing, the trial court revoked appellant's probation in the case listed on the warrant (case number 08-028) and also on a case not listed on the warrant (case number 01-359). On appeal, appellant argues that she did not have notice of the probation revocation in the latter case and that her probationary sentence in that case had expired and was not subject to revocation. Following our review, we reverse the judgment of the trial court revoking appellant's probation in case number 01-359 and affirm the judgment of the trial court revoking appellant's probation in case number 08-028.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed
in Part; Reversed in Part**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Larry D. Wright, Assistant District Public Defender, Cleveland, Tennessee, for the appellant, Freda Darlene Garrett.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Robert Steven Bebb, District Attorney General; and A. Wayne Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts and Procedural History

### A. Procedural History

The record reflects that on September 24, 2001, appellant was convicted of eight counts of forgery and one count of theft of property valued at less than $500 and was given a four-year suspended sentence (case number 01-359). A probation violation warrant was issued on July 15, 2002, but was dismissed by the trial court on November 17, 2003.[1] Appellant's probation was later extended three times, for one year each time, to allow additional time for her to pay court costs.

Subsequently, on March 6, 2008, appellant was charged with theft of property valued at more than $1,000 but less than $10,000. Her probation officer obtained a probation violation warrant based on the new charge, in addition to failure to report and failure to pay court-ordered restitution. On August 18, 2008, the trial court revoked appellant's probation in case number 01-359 but reinstated it upon time served from May 5, 2008, to August 18, 2008. The trial court again extended appellant's probation for one year.[2] With regard to the new charge, appellant received a four-year suspended sentence as a result of a conviction for theft of property valued at more than $1,000 but less than $10,000 (case number 08-028).[3]

On August 20, 2011, appellant was charged with burglary and theft of property valued at more than $1,000 but less than $10,000. The October 11, 2011 probation violation warrant, which was issued in case number 08-028, cited the new criminal offenses, as well as technical violations for failure to report and failure to pay court-ordered restitution.

Appellant appeared before the Bradley County Criminal Court on June 22, 2012, for a hearing on a probation violation based on her committing new criminal charges and other additional grounds. The State presented Rebecca Robinson, appellant's probation officer, as its first witness. Ms. Robinson testified that in August 2011, appellant was charged with burglary and theft of property valued at $1,000 or more. In addition, appellant failed to report to Ms. Robinson during the months of June, August, and September 2011 and had not

---

[1] The State properly notes that appellant's probationary period was tolled for the 483 days.

[2] The second probation violation warrant resulted in a 122-day tolling of appellant's probationary period. After the second probation violation, the sentence end date was May 21, 2011, in case number 01-359.

[3] The record before us does not contain a copy of the judgment form for this conviction. However, in open court, the trial court noted that appellant's sentence in case number 08-028 was to be served consecutively to the sentence in case number 01-359.

made a payment to the clerk's office since 2008.

The trial court asked Ms. Robinson to review appellant's probationary history and success rate. In addition to reciting the information contained in our summary of the procedural history, *supra*, Ms. Robinson noted that appellant's sentence in case number 08-028 was ordered to be served consecutively to the sentence for which her probation was revoked, case number 01-359. Ms. Robinson also stated that after the trial court reinstated appellant's probation on August 18, 2008, it ordered her to pay no less than $120 per month toward restitution.

Appellant testified on her own behalf and stated that when she did not report to her probation appointments, she always called and spoke with the probation officer. Ms. Robinson was not supervising her probation during that time; her case was transferred to Ms. Robinson in September 2011. In fact, appellant never met with Ms. Robinson. Appellant also claimed to have made several payments toward her restitution. She asked the trial court to transfer her to the drug court program or a similar treatment program because she had an addiction to prescription pain medication.

Ms. Robinson was called as a rebuttal witness and testified that the clerk's office had no record of any payment being made on appellant's case since August 2008 and that appellant's file in the probation office bore no notations that she had called in on the days that she was supposed to have reported.

The trial court revoked appellant's probation based on the testimony of Ms. Robinson regarding appellant's technical violations. The trial court also revoked her probation in case number 01-359. That docket number did not appear on the probation violation report, the probation violation warrant, the affidavit of indigency, the appointment of counsel, or any other pleading in this matter except for the final order of revocation.

## II. Analysis

Appellant does not contest that the trial court properly revoked her probation in case number 08-028 and ordered her to serve the four-year sentence in the Tennessee Department of Correction. She claims on appeal that the trial court was without jurisdiction to revoke her probation in case number 01-359 because it had already expired and because she did not receive proper notice that her probation in that case was subject to revocation. The State concedes that appellant's probationary period had expired in case number 01-359. The State also notes that appellant did not receive proper notice of the probation revocation hearing in that case. We agree that in case number 01-359, appellant's probation had expired and that she did not receive proper notice of the revocation hearing.

We review claims involving probation revocation for abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). It is axiomatic that "if a defendant successfully completes a probationary sentence, the trial court is without authority to revoke probation and order service of the original sentence." *State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999) (citing Tenn. Code Ann. § 40-35-310). "When a defendant is serving consecutive suspended sentences on probation, the trial court may only revoke those suspended sentences that have not already been served in full." *State v. Raymond Kurt Bryant*, No. M2005-02467-CCA-R3-CD, 2006 WL 2738107, at *2 (Tenn. Crim. App. Sept. 26, 2006) (citing *State v. Anthony*, 109 S.W.3d 377, 380-81 (Tenn. Crim. App. 2001)).

From our review of the record, we conclude that appellant's probation in case number 01-359 expired on May 21, 2011. The probation violation warrant was not filed until October 11, 2011. Appellant's sentence had clearly expired. Therefore, we reverse the trial court's order revoking appellant's probation in case number 01-359 for this reason.

Appellant concedes that the trial court had sufficient evidence by which to revoke her probation in case number 08-028 and order execution of her four-year sentence. Our review of the record supports appellant's concession. Thus, we affirm the trial court's judgment revoking appellant's probation in case number 08-028.

## CONCLUSION

Based on our review of the record, the parties' briefs, and the applicable law, we reverse the judgment of the trial court revoking appellant's probation in case number 01-359 and affirm the judgment of the trial court revoking appellant's probation in case number 08-028.

_____
ROGER A. PAGE, JUDGE