IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2013

## FREDERICK PARKS v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-2012-CR-259      Joseph H. Walker, III, Judge**

_____

**No. W2013-00361-CCA-R3-HC  - Filed December 10, 2013**

_____

Petitioner, Frederick Parks, appeals from the trial court's order summarily dismissing Petitioner's habeas corpus petition.  After a thorough review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Frederick Parks, Clifton,  Tennessee, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**Facts**

        We glean the following facts in this case from the *pro se* habeas corpus petition and the related documents filed with it in this cause. On or about August 17, 1999, Petitioner was incarcerated in the Madison County Penal Farm pursuant to a sentence of six years, served by split confinement for convictions of burglary and theft. On that date, Petitioner committed the Class E felony offense of escape.  On January 18, 2000, Petitioner pled guilty to the felony escape charge and received a sentence of one year to the Tennessee Department of Correction.  This sentence was also ordered to be served by split confinement with ninety days of confinement preceding the balance to be served on probation.  Furthermore, the sentence for felony escape was ordered to be served consecutively "to any priors."

Petitioner alleges in his habeas corpus petition that "following the aforementioned [January 18, 2000] sentence proceedings, [Petitioner] was released from the custody of the jail to [re]continue [sic] serving probation on the prior conviction [burglary and theft, sentence of six years]." On November 22, 2002, a probation violation warrant was issued for the initial six-year sentence for burglary and theft. However, no probation violation warrant was issued for the felony escape sentence at that time.

Notably, Petitioner was not arrested on the November 22, 2002, probation violation warrant until February 12, 2011. Finally, over a year later on April 10, 2012, a probation violation warrant for the probated sentence related to the felony escape conviction was issued. The grounds for revoking probation in the felony escape case were identical to the grounds alleged over nine years earlier in the probation violation warrant related to the burglary and theft conviction. Although the precise disposition of the probation violation warrant regarding the six-year sentence for burglary and theft is not clear from the record, Petitioner states in his petition that his probation for the felony escape sentence was revoked on April 10, 2012. A copy of that order is in the record and was attached to his habeas corpus petition.

In his petition for habeas corpus relief filed on December 28, 2012, Petitioner specifically alleges that his one-year suspended sentence for felony escape, wherein the original judgment was entered on January 20, 2000, had long since expired prior to the issuance of the probation violation warrant on April 10, 2012. Accordingly, Petitioner alleged that he was entitled to habeas corpus relief because he is being incarcerated for a sentence that has already expired.

Approximately two weeks after the habeas corpus petition was filed, the trial court dismissed it without appointing counsel or having an evidentiary hearing. Dismissal was based upon a finding that the revocation order did not sentence Petitioner to a new sentence, but instead ordered him to serve the originally imposed sentence and that his sentence for felony escape had not yet expired.

**Analysis**

Our supreme court set forth the law applicable to disposition of this case in *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Therein it is stated,

> The determination of whether habeas corpus relief should be granted is a question of law. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is de novo with no presumption of correctness given

to the findings and conclusions of the lower courts. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Habeas corpus procedure in Tennessee has been regulated by statute since 1858. *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000).

Although no statute of limitations exists for filing a habeas corpus petition, the grounds upon which habeas corpus relief will be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, **or that a defendant's sentence of imprisonment or other restraint has expired**." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). Thus, the writ of habeas corpus will issue only in the case of a void judgment or to free a prisoner after his term of imprisonment or other restraint has expired. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

*Summers*, 212 S.W.3d at 255. (emphasis added)

The State argues in its brief, relying upon *Young v. State*, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002), that Petitioner's claim that the probation violation warrant was not timely issued prior to the sentence being served on probation is not a claim cognizable in a habeas corpus proceeding. The issue in *Young* was whether post-conviction proceedings applied to a revocation of probation hearing when there are allegations of constitutional deprivations during the probation revocation hearing. This court held that post-conviction proceedings can not be used in such matters. *Id*. Since the petitioner in *Young* also alleged, in the alternative, that he was entitled to habeas corpus relief, this court stated that a challenge to the proceedings in a probation revocation hearing is not cognizable in a petition for habeas corpus relief. However, the court in *Young* also recognized that habeas corpus relief is available when "a sentence of imprisonment or other restraint has expired." *Id*.

As to when a probationary sentence may be revoked, it "may only occur 'within the maximum time which was directed and ordered by the court' **or in other words, within the probationary period**. Tenn. Code Ann. § 40-35-310." *State v. Shaffer*, 45 S.W.3d 553, 555

(Tenn. 2001) (emphasis added). As pertinent to the case *sub judice*, the court in *Shaffer* went on to hold that,

> The running of a defendant's probationary period may, however, be interrupted by the issuance of a revocation warrant. If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings and thereby interrupts the running of the probationary period "until such time as the trial court [may] hear and determine the issue raised by the [warrant]." *McGuire v. State*, 200 Tenn. 315, 292 S.W.2d 190, 193 (Tenn. 1956). The interruption of the probationary period is triggered by the issuance of the probation revocation warrant and not by service of the warrant on the defendant. *Allen v. State*, 505 S.W.2d 715, 717 (Tenn. 1974).

*Shaffer*, 45 S.W.3d at 555.

In Petitioner's case it is acknowledged by Petitioner that the probation violation warrant for the sentence in the burglary and theft convictions was filed "within the probationary period." However, Petitioner argues that since the probation violation warrant for the felony escape sentence was not filed until more than ten years after he was placed on probation for that one year sentence, the sentence had already expired by the time the probation violation warrant was issued. The State argues that Petitioner's service of the six-year sentence had not been completed when the probation violation warrant for felony escape was filed. Since the sentence for the felony escape conviction could not be served until after full service of the six-year sentence for burglary and theft, the State submits that the probated portion of the sentence for felony escape has never been served. We agree. This court has noted that,

> when a [d]efendant is on probation on two consecutive sentences and violates his probation before completion of the first term, the trial court has the authority to revoke all probation and order service of the original sentences.

*State v. Anthony*, 109 S.W.3d 377, 380 (Tenn. Crim. App. 2001).

The petitioner in a habeas corpus proceeding is not entitled to relief "[w]here the time during which such party may be legally detained has not expired." Tenn. Code Ann. § 29-21-122(b)(2). When that fact is clearly shown in the sworn habeas corpus petition and the documents attached thereto, as in this case, "the trial court may properly dismiss the petition

without a hearing." *State ex. rel. Wade v. Norvell*, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969).

In conclusion, Petitioner is not entitled to relief in this appeal and we therefore affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE