# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 04, 2014

## STATE OF TENNESSEE v.
## BENJAMIN LEPARD a/k/a BENJAMINE LEPARD

**Appeal from the Criminal Court for Shelby County**
**No. 0903520, 1000442, 1004519     Paula L. Skahan, Judge**

**No. W2014-00170-CCA-R3-CD  - Filed January 27, 2015**

Defendant, Benjamin Lepard, a/k/a Benjamine Lepard, appeals from the trial court's order revoking his probation as to all four convictions he received in 2010 as a result of negotiated guilty pleas entered on July 27, 2010.  He received sentences of three years in each of three of the convictions and a sentence of eight years in the fourth conviction.  The three-year sentences were ordered to be served concurrently with each other but consecutively to the eight-year sentence, for an effective sentence of eleven years.  The order of probation reflects that Defendant would stay in custody for an additional eight months and be released to probation "for a period of 11 years."  Defendant was also ordered to "go to inpatient rehab on release" on March 25, 2011.  A violation of probation warrant was filed on November 15, 2013.  After a hearing, the trial court revoked probation on all convictions and ordered Defendant to serve the entire effective sentence of eleven years by incarceration.  After a thorough review of the appellate record and the arguments of the parties, we affirm the trial court's judgment insofar as it rules that Defendant violated a condition of probation and that the suspended sentence should be revoked.  However, under the particular circumstances of this case, we reverse the trial court's judgment insofar as it ordered the entire effective sentence of eleven years to be served.  Under rather peculiar and disturbing circumstances, the judgments were altered without the trial court's direction, and we are unable to conclude whether the effective three-year sentence was to be served prior to the eight-year sentence.  Accordingly, we remand for the trial court to enter amended judgments setting forth the details of the manner of service of the effective eleven-year sentence, specifically whether the three-year sentence was to be served prior to the eight-year sentence.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed in Part and Reversed in Part**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Leslie I. Ballin, Memphis, Tennessee, for the appellant, Benjamin Leopard, a/k/a Benjamin Lepard.

Herbert H. Slatery, III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Marques Young, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural background*

The transcript of the guilty plea hearing is not in the appellate record. However, we glean the following history from the Petition for Acceptance of Plea of Guilty, Order on Guilty plea, Probation Order, the judgments, and comments made at the probation revocation hearing, all of which are in the record on appeal.

On July 27, 2010, as a result of charges in three indictments, Defendant pleaded guilty to two counts of initiation of methamphetamine manufacturing process, a Class C felony, one count of possession with intent to sell less than 0.5 gram of methamphetamine, also a Class C felony, and one count of initiation of methamphetamine manufacturing process, a Class B felony. Defendant received a sentence of three years for each of the Class C felony convictions, and these sentences were ordered to be served concurrently with each other. Defendant received a sentence of eight years for the Class B felony conviction. This eight-year sentence was ordered to be served consecutively to the three-year sentences for the Class C felonies, for a total effective sentence of eleven years.

Defendant was incarcerated in lieu of bail on the charges at the time he pleaded guilty. It is clear from the record that pertinent information concerning the manner of service of the effective sentence of eleven years was "whited out" on the four judgments by someone other than the trial judge, and that it was done without the trial court's permission and authority. However, the probation order states that the total period of probation was eleven years. That order indicates that it is "effective" on March 24, 2011, approximately eight months after the guilty pleas were entered. Also, under the "special conditions" of the probation order, the following is handwritten: "Defendant serve until 3-24-11 at SCCC; Defendant appear in court 3-25-11; the defendant go to inpatient rehab on release." There is no indication on the judgments or the probation order as to which effective sentence was to be served by this split

confinement – the effective three-year sentence for the Class C felonies, or the eight-year sentence for the Class B felony.

### *Revocation hearing*

Juanita Holloway, a probation and parole officer with the Tennessee Department of Correction, testified that she supervised Defendant's probation. She testified that a probation violation warrant was issued on November 5, 2013, after Defendant reported that he had been arrested for theft of property valued between $1,000 and $10,000. Ms. Holloway began her supervision of Defendant on August 29, 2013. Defendant was already on probation when Ms. Holloway became his probation officer. Ms. Holloway testified that Defendant had complied with the conditions of probation since her supervision began, but the case notes revealed that Defendant had previously failed to report as instructed.

Keith Mullen testified that Defendant lived at his residence as a tenant from December, 2012, until July, 2013. Mr. Mullen testified that shortly after Defendant moved in, "[s]mall things started coming up missing." On one occasion when Defendant was out of town, Mr. Mullen went into Defendant's bedroom to feed Defendant's dog, and he discovered several of his missing items. Mr. Mullen photographed the items and called the police.

Mr. Mullen recovered some of his "silver items" from Michelle Burnette, who told him that Defendant had given them to her. Mr. Mullen testified that he did not give Defendant permission to take or borrow any of the items. Mr. Mullen estimated the value of the items taken to be between $6,000 and $7,000.

Michelle Burnette testified that Defendant gave her a box of items that Defendant said he had gotten "from his old roommate" and asked Ms. Burnette to post advertisements for the sale of the items online, which Ms. Burnette did. Ms. Burnette subsequently "had a falling out" with Defendant over a disagreement about vehicles they traded with each other. Ms. Burnette learned that the items Defendant gave her were stolen after talking to Mr. Mullen, and she returned the items to Mr. Mullen.

Defendant testified that the only items belonging to Mr. Mullen that he took "were some small hand tools, a screwdriver, . . . [and] a flashlight." He testified that they were items that Mr. Mullen had given him permission to use. He took the items from the garage to his bedroom to use, and he did not remove them from Mr. Mullen's house. He testified that he did not give Ms. Burnette the items she testified about. He testified that the only items he gave to Ms. Burnette to sell were "house decorations" that had belonged to his daughter. Defendant testified that Ms. Burnette could have stolen items from Mr. Mullen's

house after Defendant and Ms. Burnette had a disagreement over their vehicles. He testified that there were occasions when Ms. Burnette went to Mr. Mullen's house and Defendant was not there.

At the conclusion of the hearing, the trial court accredited the testimony of Mr. Mullen and Ms. Burnette over that of Defendant. The trial court concluded that the proof established by a preponderance of the evidence that Defendant violated the conditions of his probation by committing a new offense of theft of property. Accordingly, the trial court revoked Defendant's probation.

*Analysis*

Defendant contends that the trial court abused its discretion by revoking his suspended sentence because the proof did not establish that he violated the conditions of his probation and that the trial court was without jurisdiction to revoke his effective three-year sentence for the Class C felonies because this sentence had expired prior to the filing of the probation revocation warrant.

(A)    *Revocation of probation*

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310, which provides that the trial court possesses the power "at any time within the maximum time that was directed and ordered by the court for the suspension, . . . to revoke . . . the suspension" and cause the original judgment to be put into effect. A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of release. T.C.A. § 40-35-311(e).

The trial court's decision to revoke probation will be upheld on appeal unless there has been an abuse of discretion. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id*. "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *Mitchell*, 810 S.W.2d at 735.

In the instant case, the record supports the trial court's finding that Defendant committed a theft of property. The trial court, in its discretion, accredited the testimony of

Mr. Mullen and Ms. Burnette. Mr. Mullen testified that he noticed items disappearing from his house while Defendant was living with him. He subsequently discovered several of those items in Defendant's bedroom, and Mr. Mullen had not given Defendant permission to take the items. Mr. Mullen testified that other items taken from his house were returned to him by Ms. Burnette. Ms. Burnette corroborated Mr. Mullen's testimony and testified that Defendant gave her items belonging to Mr. Mullen to sell online.

We conclude that the trial court did not abuse its discretion by revoking Defendant's probation based on its finding that Defendant had committed a new offense. Compliance with state law is an automatic condition of probation. *State v. Stubblefield*, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997); T.C.A. § 40-35-311(a).

(B)     *Expiration of three-year sentence prior to filing of probation violation warrant*

Defendant also contends, and the State concedes, that the trial court abused its discretion by ordering Defendant's entire 11-year sentence to be served by incarceration because Defendant's effective three-year sentence had already expired prior to the issuance of the probation violation warrant. It is axiomatic that "if a defendant successfully completes a probationary sentence, the trial court is without authority to revoke probation and order service of the original sentence." *State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999) (citing T.C.A. § 40-35-310). "When a defendant is serving consecutive suspended sentences on probation, the trial court may only revoke those suspended sentences that have not already been served in full." *State v. Raymond Kurt Bryant*, No. M2005-02467-CCA-R3-CD, 2006 WL 2738107, at *2 (Tenn. Crim. App., Sept. 26, 2006) (citing *State v. Anthony*, 109 S.W.3d 377, 380-81 (Tenn. Crim. App. 2001)).

However, Defendant's argument has merit only if the trial court ordered the effective three-year sentence to be served *before* he could begin serving the eight-year sentences. According to the probation order, Defendant was to "serve a term of 8 [and] 3 years" with probation for a period of "11 years." However, the trial court's probation order further provided for "split confinement" setting forth eight months to be served after entry of the guilty pleas (which were all entered on the same day) with no indication of which sentence was to be partially served by split confinement followed by probation.

As noted above, the judgments had been altered after they had been signed by the trial court. At the end of the probation revocation hearing, the trial court made the following comments:

> THE COURT: I'm just really – let me see the judgment sheets on there. If I recall, I put 11 years probation on each one. I have to look at

that. Somebody whited out what I put for probation. Again, somebody whited out what I put for probation. Maybe that was because I didn't put him on immediate probation. Petition is granted. I know I filled those out, and I don't know what happened. You can look at the probation order. I don't know where that is in there. But if you want to check on something regarding that, you're welcome to do so or to file – actually, I think what would be better is to file an appeal.

We feel compelled to note that it is extremely disturbing that a person unknown altered the trial court's judgments without the prior knowledge, direction, or authority of the trial court, and we urge the trial court to make every possible effort to determine who did that, and take necessary steps to prevent such action in the future. Altering the judgments to delete all information regarding all the specific references to probation without the direction of the trial court was at best a gross dereliction of duties, and at worst, the commission of a felony. *See* T.C.A. § 39-14-114 (regarding forgery).

The trial court shall set a hearing for the sole purpose of determining whether the sentencing structure originally imposed required the effective three-year sentence to be served by split confinement, and therefore to be served prior to Defendant's beginning to serve the eight-year sentence. If that is the case, Defendant is entitled to relief as to the effective sentence of three years for the Class C felonies had expired prior to the probation violation warrant's being filed. However, if the eight-year sentence was ordered to be served first, then neither effective sentence had expired by the time the probation violation warrant was filed.

We also note that the trial court stated that she thought she had ordered eleven years of probation for the effective sentence of three years for the Class C felonies in addition to eleven years of probation for the eight-year sentence for the Class B felony. The probation order clearly states that probation was for eleven years, and the implicit language is that the *total* period of probation was to be eleven years. With the consecutive sentencing, if the trial court's recollection was correct, the total period of probation ordered would have to be *twenty-two years*, which it was not so ordered.

The judgment of the trial court is affirmed in part and reversed in part, and remanded for further proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

-6-