IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2019

**STATE OF TENNESSEE v. RONNIE RAY MYATT**

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2010-CR-115, CR7357, CR7358A   Suzanne Lockert-Mash, Judge**

_____

**No. M2018-01466-CCA-R3-CD**
_____

The Defendant, Ronnie Ray Myatt, appeals the judgments of the trial court following a June 25, 2018 probation violation hearing in which the court revoked his probation in case numbers CR7357, CR7358A, and 22CC-2010-CR-115. The Defendant argues that the trial court lacked jurisdiction in the first two cases because the sentences for those cases had expired prior to the filing of the revocation warrant. The Defendant also requests that we remand to the trial court for entry of a modified judgment in case number 22CC-2010-CR-115 to award to the Defendant applicable jail credits. The State concedes that the sentences in case numbers CR7357 and CR7358A expired before the filing of the instant revocation warrant and that the trial court therefore lacked jurisdiction to revoke the probation in those cases. Although not raised as an issue by the Defendant, the State argues that the trial court appropriately revoked the Defendant's probation in Case Number 22CC-2010-CR-115. Following our review, we reverse the probation revocation orders in case numbers CR7357 and CR7358A, affirm the revocation of probation in case number 22CC-2010-CR-115, and remand to the trial court for determination of the appropriate jail credits to be applied toward the Defendant's sentence in the latter case.

**Tenn. R. App. 3; Judgments of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded for Further Proceedings**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

Leonard G. Belmares, II, Dickson, Tennessee, for the appellant, Ronnie Ray Myatt.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Ray Crouch, District Attorney General; and Carey J. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

At the outset, we observe that this case is made complicated by the Defendant's repeated violations of the terms of his probation, including during periods when he was awaiting hearings on prior probation violation warrants. On November 19, 2004, the Defendant pled nolo contendere in case number CR7357 to the October 9, 2003 sale of .5 or more grams of cocaine and the December 2, 2003 sale of one-half ounce or more of marijuana. On the same date, he pled nolo contendere in case number CR7358 to the October 7, 2003 sale of .5 grams or more of cocaine. He was sentenced in case number CR7357 to concurrent terms in the Department of Correction of eight years for the cocaine conviction and two years for the marijuana conviction, with the sentences suspended to supervised probation. He was sentenced in case number CR7358 to eight years in the Department of Correction, suspended to supervised probation, to be served concurrently to his sentences in case number CR7357. The Defendant was given pretrial jail credit for the period he spent in jail from September 5 to September 7, 2004. The Board of Probation and Parole probation order at that time listed the expiration of the Defendant's probationary sentence as November 19, 2012.

On May 30, 2007, following the issuance of a probation violation revocation warrant and the Defendant's waiver of his right to a hearing and admission of the violations charged, the trial court found the Defendant to be in violation of his probation in cases CR7357 and CR7358. The trial court reinstated the Defendant to probation with credit given for the forty days he had spent in the county jail.

On July 30, 2008, following another revocation warrant and the Defendant's waiver of a hearing and admission to the new violations, the Defendant was again found in violation of his probation in case numbers CR7357 and CR7358A and ordered to serve his original sentences, with credit given for one hundred and twenty-eight days he had spent in jail.

The Defendant was subsequently placed in a boot camp program at the Morgan County Correctional Center. On June 15, 2009, upon completion of the program, the Defendant was placed on supervised probation. His "Probation Certificate," dated June 22, 2009, stated that the expiration date of his probation at that time was December 1, 2015.

On July 14, 2010, the Defendant pled guilty in Case Number 22CC-2010-CR-115 to three counts of the sale of .5 grams or more of cocaine and was sentenced to concurrent terms of fourteen years in the Department of Correction, to be served

consecutively "to any other sentence [the] Defendant is currently serving." Under the special conditions portion of the judgment sheet is the notation that the sentence was to be suspended to probation on the condition that the Defendant successfully complete the Twenty-third Judicial District Drug Treatment Program and that the Defendant was to be released from jail into a drug treatment program.

On July 14, 2010, the trial court also entered another probation revocation order in case numbers CR7357 and CR7358A based on further admitted probation violations by the Defendant. The trial court found the Defendant in violation of his probation but deferred sentencing until the Defendant's completion of drug treatment and ordered that the Defendant be furloughed to Drug Court.

On July 15, 2010, the trial court entered a "Furlough and Release Order with Specific Conditions," furloughing the Defendant to a drug treatment center beginning on July 19, 2010, with the Defendant ordered to report directly to the Twenty-third District Drug Court Program upon his completion of the residential drug treatment program.

On September 16, 2010, the Defendant entered the Twenty-third Judicial District Drug Court Program and was placed under the supervision of the Drug Court Supervision Officer. A Drug Court Entry Order, executed on October 5 and filed on October 18, 2010, provided in pertinent part that if the Defendant graduated from the Drug Court Program, he would "receive full credit for the time spent in the Drug Court Program against his sentence of period of probation."

On April 20, 2012, the trial court entered a "Drug Court Unsupervised Probation Order," dated March 29, 2012, in which it noted that the Defendant had successfully completed the Drug Treatment Court Program and transferred him to unsupervised probation for the remainder of his sentence.

On November 13, 2015, a Violation of Probation Warrant was issued by the trial court, referencing all three cases, based on the Defendant's September 29, 2015 arrest for domestic assault. However, it was dismissed on March 28, 2016, due to the dismissal of the Defendant's domestic assault charge.

On September 28, 2016, a violation of probation warrant was issued by the trial court based on the Defendant's June 15, 2016 arrest for false reports, his July 7, 2016 arrest for simple possession and possession of drug paraphernalia, and his September 6, 2016 arrest for domestic assault, as well as for his failure to report the arrests to his probation officer. An amended violation of probation warrant, a second amended violation of probation warrant, and a third amended violation of probation warrant were issued on September 11, 2017, March 5, 2018, and April 25, 2018, respectively, based on

the Defendant's further alleged violations of probation, including his subsequent arrests for various other offenses, including stalking, harassment, and evading arrest.

At the probation violation hearing, the Defendant's probation officer described the Defendant's new arrests, several of which had resulted in convictions, and said that the Defendant had since "absconded from probation." The Defendant acknowledged his convictions for shoplifting, evading arrest, and violation of his bond conditions and explained that "[g]etting high" made him do "crazy things." He testified that he had applied again to be admitted to Drug Court but had been denied.

At the conclusion of the hearing, the trial court found that the Defendant had violated his probation by his new convictions and by his failure to report to the probation department. The court, therefore, revoked the Defendant's probation and ordered that he serve the balance of his sentences as originally imposed. On June 25, 2018, the trial court entered probation revocation orders in all three cases.

## ANALYSIS

The sole issue the Defendant raises on appeal is whether the trial court lacked the subject matter jurisdiction to revoke the Defendant's probation in case numbers CR7357 and CR7358A because the sentences in those cases had already expired prior to the filing of the instant revocation warrant. The Defendant concedes that the trial court had jurisdiction to revoke his probation in case number 22CC-2010-CR. He appears also to concede that the trial court acted within its discretion in revoking his probation in that case, requesting only that this court remand to the trial court for the judgment to be modified to award the Defendant any jail credits earned since the expiration of his probation in the first two cases.

It is well-established that the expiration of a term of probation is tolled by the filing of a probation revocation warrant and that "the probationary term remains in effect until the trial court rules on the violation warrant." State v. Anthony, 109 S.W.3d 377, 382 (Tenn. Crim. App. 2001); see also State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001); Alder v. State, 108 S.W.3d 263, 267 (Tenn. Crim. App. 2002). It is also well-established that a trial court has no jurisdiction to revoke a Defendant's probation after the sentence has expired. "[I]f a defendant successfully completes a probationary sentence, the trial court is without authority to revoke probation and order service of the original sentence." State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999) (citing Tenn. Code Ann. § 40-35-310). "When a defendant is serving consecutive suspended sentences on probation, the trial court may only revoke those suspended sentences that have not already been served in full." State v. Raymond Kurt Bryant, No. M2005-02467-CCA-

R3-CD, 2006 WL 2738107, at \*2 (Tenn. Crim. App. Sept. 26, 2006) (citing <u>Anthony</u>, 109 S.W.3d at 380-81).

We agree with the Defendant and the State that the Defendant's probation in case numbers CR7357 and CR7258 had already expired by the time of the probation violation warrants at issue in this case. If the November 13, 2015 probation violation warrant, later dismissed, tolled the probationary period, the Defendant's probation in those cases would have still expired before the filing of the initial September 28, 2016 probation violation warrant at issue here. The Defendant's previous probationary order listed his probation expiration as December 1, 2015. The November 13, 2015 warrant, which was filed approximately two weeks before the expiration of his probationary term, was dismissed on March 28, 2016, far more than two weeks before the instant probation revocation warrants were filed. We, therefore, reverse the trial court's revocation orders relating to case numbers CR7357 and CR7358.

Tennessee Code Annotated section 40-23-101 provides that the trial court must allow credit for time during which the defendant was held in various types of confinement "pending arraignment and trial" and that the defendant "shall also receive credit on the sentence" for time served "subsequent to any conviction arising out of the original offense for which the defendant was tried." Tenn. Code Ann. § 40-23-101(c). The State does not respond to the Defendant's argument that the case should be remanded to the trial court for entry of a corrected judgment reflecting jail credits for the time the Defendant was incarcerated after the expiration of his sentences in the 2004 cases, or whether the fact that the November 13, 2015 probation revocation warrant was ultimately dismissed means that his probationary period should not be tolled during the pendency of the warrant. The Defendant acknowledges that this court previously held that the probationary period was tolled during the pendency of a warrant even when the warrant was subsequently dismissed, <u>see</u> <u>State v. Nick Defillipis</u>, No. M2007-01647-CCA-R3-CD, 2008 WL 2388632, at \*4 (Tenn. Crim. App. Jan. 12, 2008), <u>perm app. denied</u> (Tenn. Dec. 15, 2005), but argues that the case should be treated analogously to a civil case involving the statute of limitations, in which any case filed within the statute of limitations period allows subsequent amendments to relate back to the original filing. The Defendant argues that when the original case is dismissed, "there is nothing to relate back to." We are, however, unpersuaded by the Defendant's argument, and conclude that the probationary period in the Defendant's 2004 cases remained tolled during the pendency of the November 13, 2015 warrant.

We, therefore, reverse the trial court's revocation orders in case numbers CR7357 and CR7358A, affirm the revocation of probation in case number 22CC-2010-CR-115, and remand to the trial court for computation of the Defendant's jail credits since the date of the expiration of his sentence for his 2004 convictions.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we reverse the judgments in case numbers CR7357 and CR7358A affirm the judgment in case number 22CC-2010-CR-115, and remand to the trial court for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE